**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., ZTE SOLUTIONS, INC., AT&T MOBILITY LLC, CELLCO PARTNERSHIP INC. D/B/A VERIZON WIRELESS, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., BOOST MOBILE, LLC, T-MOBILE USA, INC., and T-MOBILE US, INC.,<br><br>  Defendants. | CIVIL ACTION 6:17CV592<br>SEVERED FROM<br><br>CIVIL ACTION 6:16CV375<br>SEVERED FROM<br><br>CIVIL ACTION NO. 6:13-cv-511<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this First Amended Complaint against ZTE Corporation; ZTE (USA) Inc.; ZTE Solutions, Inc.; AT&T Mobility LLC; Cellco Partnership d/b/a Verizon Wireless; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S. Patent No. 6,819,923 ("the '9923 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), U.S. Patent No. 8,055,820 ("the '820 patent"), U.S. Patent No. 7,218,923 ("the '8923 patent"), and U.S. Patent No. 6,810,019 ("the '019 patent").

## THE PARTIES

1. Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2. On information and belief, ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

3. ZTE (USA) Inc. is a New Jersey corporation with its principal place of business in Richardson, Texas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

4. ZTE Solutions Inc. (with ZTE Corp. and ZTE (USA) Inc., "ZTE") is a Delaware corporation with its principal place of business in Richardson, Texas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

5. AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

6. Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

7. Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

8. Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

9. Boost Mobile, LLC (with Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

10. T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington. T-Mobile USA, Inc. maintains a significant presence in Richardson, Texas and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

11. T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile US, Inc. maintains a significant presence in Richardson, Texas, and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

15. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,819,923)

16. CCE incorporates paragraphs 1 through 15 herein by reference.

17. CCE is the assignee of the '9923 patent, entitled "Method for Communication of Neighbor Cell Information," with ownership of all substantial rights in the '9923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '9923 patent is attached as Exhibit A.

18. The '9923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

19. Defendants ZTE, AT&T, and T-Mobile have and continue to directly infringe one or more claims of the '9923 patent in this judicial district and elsewhere in Texas and the United

States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Avail, the ZTE Z221 GoPhone, and the ZTE Z431 GoPhone, sold or otherwise distributed by or through AT&T (the "'9923 AT&T Mobile Devices"); and the ZTE Aspect, the ZTE Concord, the ZTE T-Mobile 4G Hotspot, and the ZTE T-Mobile Sonic 2.0 Mobile Hotspot, sold or otherwise distributed by or through T-Mobile (the "'9923 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'9923 ZTE Devices."

20. Defendants directly infringe the apparatus claims of the '9923 patent by making, offering to sell, selling, and/or importing the '9923 ZTE Devices. Defendants are thereby liable for direct infringement.

21. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '9923 patent at least as early as April 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

22. On information and belief, despite having knowledge of the '9923 patent and knowledge that they are directly infringing one or more claims of the '9923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '9923 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

23. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import '9923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

24. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import '9923 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

25. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

26. CCE incorporates paragraphs 1 through 15 herein by reference.

27. CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '174 patent is attached as Exhibit C.

28. The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

29. Defendants ZTE, AT&T, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering

for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Avail, the ZTE Z221 GoPhone, and the ZTE Z431 GoPhone, sold or otherwise distributed by or through AT&T (the "'174 AT&T Mobile Devices"); and the ZTE Concord, the ZTE T-Mobile 4G Hotspot, and the ZTE T-Mobile Sonic 2.0 Mobile Hotspot, sold or otherwise distributed by or through T-Mobile (the "'174 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'174 ZTE Devices."

30. Defendants directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 ZTE Devices.  Defendants also directly infringe the '174 patent by making, using, selling, offering to sell, and/or importing the '174 ZTE Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.

31. Additionally, Defendants are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '174 ZTE Devices to practice the claimed methods.

32. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via ETSI.

33. On information and belief, despite having knowledge of the '174 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '174 ZTE Devices — have and continue to actively induce infringement.

34. On information and belief, Defendants named in this Count have known and know that their products accused of infringing include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '174 patent and are not staple articles of commerce suitable for substantial non-infringing use.

35. Specifically, each of the '174 ZTE Devices contain at least a baseband processor which contains functionality that is specifically programmed and/or configured to maintain a transmit power difference as claimed in claims 1, 6, 9, 14, 18, and 19 of the '174 patent.

36. On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

37. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

38. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import the '174 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

39. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

40. CCE incorporates paragraphs 1 through 15 herein by reference.

41. CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions," with ownership of all substantial rights in the '820 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '820 patent is attached as Exhibit D.

42. The '820 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

43. Defendants ZTE, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 6, 9, 10, 12, 17, 20, 21, and 24, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Z998 and ZTE Overture, sold or otherwise distributed by or through AT&T (the "'820 AT&T Mobile Devices"); the ZTE Jetpack 4G LTE Mobile Hotspot 890L, sold or otherwise distributed by or through Verizon (the "'820 Verizon Mobile Devices"); the

9

ZTE Force and the ZTE Flash, sold or otherwise distributed by or through Sprint (the "'820 Sprint Mobile Devices"); and the ZTE Anthem 4G, the ZTE Avid 4G, and the ZTE T-Mobile Sonic 2.0 Mobile Hotspot, sold or otherwise distributed by or through T-Mobile (the "'820 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'820 ZTE Devices."

44.  Defendants directly infringe the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 ZTE Devices. Defendants also directly infringe the '820 patent by making, using, selling, offering to sell, and/or importing the '820 ZTE Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

45.  Additionally, Defendants are liable for indirect infringement of the '820 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '820 ZTE Devices to practice the claimed methods.

46.  On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '820 patent at least as early as June 2009, when it was disclosed to 3GPP via ETSI.

47.  On information and belief, despite having knowledge of the '820 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 6, 9, 10, 12, 17, 20, 21, and 24. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '820 ZTE Devices — have and continue to actively induce infringement.

48.  On information and belief, Defendants named in this Count have known and know that their products accused of infringing include proprietary hardware components and

software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '820 patent and are not staple articles of commerce suitable for substantial non-infringing use.

49. Specifically, each of the '820 ZTE Devices contain at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to monitor the usage of a plurality of buffers, detect certain pre-selected conditions, designate buffer status reporting formats, and communicate buffer status reports as claimed in claims 1, 4, 6, 9, 10, 12, 17, 20, 21, and 24 of the '820 patent.

50. On information and belief, despite having knowledge of the '820 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '820 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '820 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

51. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import the '820 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

52. On information and belief, ZTE and Verizon test, make, use, offer for sale, sell, and/or import the '820 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, ZTE and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

53. On information and belief, ZTE and Sprint test, make, use, offer for sale, sell, and/or import the '820 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

54. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import the '820 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

55. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

56. CCE incorporates paragraphs 1 through 15 herein by reference.

57. CCE is the assignee of the '8923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '8923 patent is attached as Exhibit E.

58. The '8923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

59. Defendants ZTE, AT&T and Sprint have and continue to directly infringe one or more claims of the '8923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 24 and 26, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Radiant, the ZTE Z998, the ZTE Avail 2, the ZTE Sonata 4G, the ZTE Overture, the ZTE Prelude, and the ZTE Velox, sold or otherwise distributed by or through AT&T (the "'8923 AT&T Mobile Devices"); and the ZTE Force, the ZTE Flash, and the ZTE Warp Sequent, sold or otherwise distributed by or through Sprint (the "'8923 Sprint Mobile Devices"). These devices are collectively referred to as the "'8923 ZTE Devices."

60. Defendants directly infringe the apparatus claims of the '8923 patent by making, offering to sell, selling, and/or importing the '8923 ZTE Devices. Defendants are thereby liable for direct infringement.

61. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import '8923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

62. On information and belief, ZTE and Sprint test, make, use, offer for sale, sell, and/or import '8923 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

63. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT V**

(INFRINGEMENT OF U.S. PATENT NO. 6,810,019)

64. CCE incorporates paragraphs 1 through 15 herein by reference.

65. CCE is the assignee of the '019 patent, entitled "Reducing Interference in Inter-Frequency Measurement," with ownership of all substantial rights in the '019 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '019 patent is attached as Exhibit F.

66. The '019 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

67. Defendants ZTE, AT&T, and T-Mobile have and continue to directly infringe one or more claims of the '019 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 11, 12 and 13, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Avail, the ZTE Z221 GoPhone, and the ZTE Z431 GoPhone, sold or otherwise distributed by or through AT&T (the "'019 AT&T Mobile Devices"); and the ZTE Concord, the ZTE T-Mobile 4G Hotspot, and the ZTE T-Mobile Sonic 2.0 Mobile Hotspot, sold or otherwise distributed by or through T-Mobile (the "'019 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'019 ZTE Devices."

68. Defendants directly infringe the apparatus claims of the '019 patent by making, offering to sell, selling, and/or importing the '019 ZTE Devices. Defendants are thereby liable for direct infringement.

69. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '019 patent at least as early as May 2009, when it was disclosed to 3GPP via ETSI.

70. On information and belief, despite having knowledge of the '019 patent and knowledge that they are directly infringing one or more claims of the '019 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '019 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

71. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import '019 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

72. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import '019 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

73. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for

their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

74. CCE incorporates paragraphs 1 through 73 herein by reference.

75. On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from ZTE certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through V (or some subset thereof). Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with ZTE.

76. The alleged infringements set forth in Counts I through V arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the ZTE mobile devices made the subject of Counts I through V.

77. Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, ZTE mobile devices.

78. Thus, joinder of ZTE, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a. Judgment that one or more claims of the '9923, '174, '820, '8923, and '019 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b. Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Defendants' infringements relative to the '9923, '174, '820, and/or '019 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f. That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: April 10, 2015**               Respectfully submitted,

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CELLULAR COMMUNICATIONS**
**EQUIPMENT LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 10th day of April, 2015.

*/s/ Edward R. Nelson, III*